IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTIONS 10-00087-KD |
| | ) | 10-00188-KD |
| JOSEPH A. WILBURN, | ) | |
|     Defendant. | ) | |

-------------------------------------------------------------

| | | |
|---|---|---|
| JOSEPH A. WILBURN, | ) | |
|     Petitioner, | ) | |
| v. | ) | CIVIL ACTIONS 11-00542-KD |
| | ) | 11-00546-KD |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | |

**ORDER**

This matter is before the Court on Defendant/Petitioner Joseph A. Wilburn's Motions To Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 37 in No. 10-00087; Doc. 347 in No. 10-00188) the Government's responses thereto (Doc. 39 in No. 10-00087; Doc. 351 in No. 10-00188), and the Government's amended responses thereto (Doc. 40 in No. 10-00087; Doc. 353 in No. 10-00188). Upon consideration, and for the reasons set forth herein, Petitioner's motions are due to be **GRANTED**.

**I.    Procedural Background**

In Criminal Action No. 10-00087 ("the possession case"), Wilburn pled guilty to possessing with intent to distribute 26.34 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1). Wilburn faced a statutory sentencing range of 10 years to life in prison under the statutory scheme in place at the time of his offense and as a result of his criminal history. In Criminal Action 10-0188 ("the conspiracy case"), Wilburn pled guilty to conspiring to possess with intent to distribute more than 50

1

grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846.  Under the statutory scheme in place at the time of his offense and as a result of his criminal history, Wilburn faced a statutory sentencing range of 20 years to life in prison.

For sentencing purposes, the two cases were merged.  In advance of sentencing, pursuant to Section 5K1.1 of the Sentencing Guidelines and 18 U.S.C. § 3553(e), the government moved for a substantial assistance-based departure of 50% in the conspiracy case. (Doc. 230 in No. 10-00188). No such motion was made in the possession case.  As a result, the Court was authorized to sentence Wilburn below statutory minimum on the conspiracy count but remained bound by the statutory minimum on the possession count.  At a sentencing hearing held on January 28, 2011, the Court sentenced Wilburn to two concurrent prison terms of 120 months.  Under the statutory scheme in place at the time of Wilburn's offenses, 120 months was equal to both the statutory minimum in the possession case and 50% of the statutory minimum in the conspiracy case.

## II.     Legal Context

On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010, Pub. L. No 111-220, 124 Stat. 2372 ("FSA") (codified in scattered sections of 21 and 28 U.S.C.).  The FSA sought to reduce the disparity between federal criminal penalties for crack cocaine and powder cocaine offenses by lowering the gram-penalty ratio from 100:1 to 18:1.  Though Wilburn was sentenced nearly six months after the FSA's effective date, the Eleventh Circuit stated in <u>United States v. Gomes</u>, 621 F.3d 1343 (11th Cir. 2010), that the so-called "general savings statute" codified at 1 U.S.C. § 109 prevented the FSA from affecting the punishment of offenders who committed their crimes before August 3, 2010.  <u>See id.</u> at 1346.  Accordingly, at sentencing, the Court applied the statutory scheme in place at the time that Wilburn committed his offenses.  However, had Wilburn received the benefit of the FSA, he would not have faced any statutory minimum (rather than a

minimum of 10 years imprisonment) in the possession case, and the statutory minimum sentence in the conspiracy case would have been a prison term of 10 years (rather than 20).

On July 6, 2011, the Eleventh Circuit joined the First Circuit in holding that the FSA applies to all defendants sentenced for crack cocaine offenses on or after the Act's effective date, regardless of when the offense conduct occurred.  United States v. Rojas, 645 F.3d 1234 (11th Cir. 2011).  The Government successfully petitioned for rehearing en banc, and the court of appeals vacated the panel's opinion in that case.  United States v. Rojas, 659 F.3d 1055 (11th Cir. 2011).

But, as Sophocles observed, time eases all things.  In a memorandum to all federal prosecutors, Attorney General Eric Holder expressed that "the law requires the application of the Act's new mandatory minimum sentencing provisions to all sentencings that occur on or after August 3, 2010, regardless of when the offense conduct took place."  (Doc. 40-1 at 2 in No. 10-00087; Doc. 353-1 at 2 in No. 10-00188).  Most recently, the United States Supreme Court came to the same conclusion in Dorsey v. United States, Nos. 11-5683; 11-5721, 2012 WL 2344463 (U.S. June 21, 2012).

**III.    Conclusion**

The FSA applies to Wilburn.  The drug quantity for which Wilburn was held accountable in the possession case — 26.34 grams of crack cocaine — fails to trigger a statutory mandatory minimum.  The drug quantity for which Wilburn was held accountable in the conspiracy case — more than 50 grams of crack cocaine — triggers a 10-year, rather than a 20-year, statutory mandatory minimum.  Accordingly, Defendant/Petitioner Joseph A. Wilburn's motions to vacate, set aside or correct the sentences imposed in Criminal Action Nos. 10-00087-KD and 10-00188-KD are **GRANTED** and the previously imposed sentences are hereby **VACATED**.

A resentencing hearing will be held on **Friday, September 21, 2012** at **10:00 a.m.** in

Courtroom 5A of the United States Courthouse, 113 St. Joseph Street, Mobile, Alabama 36602.[1]

The United States Marshal is **DIRECTED** to produce Wilburn for this hearing.

After entering judgments in favor of Wilburn and against the United States, the Clerk is **DIRECTED** to close Civil Action Nos. 11-00542-KD & 11-00546-KD.

Wilburn shall remain in custody pending resentencing.

**DONE** and **ORDERED** this **10th** day of **July 2012**.

>/s/ Kristi K DuBose
>**KRISTI K. DuBOSE**
>**UNITED STATES DISTRICT JUDGE**

---

[1] Defendant's criminal cases will remain consolidated for sentencing purposes.